

Benjamin Rudolph Delson    delson@g-s-law.com

VIA ECF

Honorable Jesse M. Furman
United States District Court
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

May 10, 2022

RE:   <u>Rodriguez v.  85 McClellan Street Owners Inc.  et al
      1:22-cv-01924-JMF</u>

Dear Judge Furman,

We represent the Plaintiff in the above matter, but we write on behalf of all parties.

On March 8 (Docket #4), Your Honor referred this matter to Magistrate Judge Gorenstein for a settlement conference.  In this letter, we briefly explain the background of this dispute and respectfully request that the settlement conference and initial conference be adjourned and that this matter be referred to the court's mediation program, for reasons we will explain.

*Background:*

The Plaintiff in this case, Manuel Rodriguez, was the long-time live-in superintendent at an apartment building located at 85 McClellan Street in the Bronx.  In April 2021 Mr. Rodriguez was the victim of a violent assault that left him unable to work.

Mr. Rodriguez alleges that, during his time as super at 85 McClellan, he was paid less than the minimum wage and was not paid overtime wages, in violation of both the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").  Notably, he is a member of SEIU Local 32BJ and was employed pursuant to a collective bargaining agreement that provides for the mandatory mediation of any claims for unpaid minimum wages or overtime.

85 McClellan Street is a co-op apartment owned by Defendant (and now Third-Party Plaintiff) 85 McClellan Street Owners Inc. (the "Co-op"). Significantly for the current posture of this litigation, the Co-op has changed ownership twice in the last two years.

The original sponsor of the building is Third-Party Defendant 85 McClellan LLC ("the First Sponsor").

In late 2020, the First Sponsor sold all of its shares in the Co-op to Third-Party Defendant BRX McClellan Apartments LLC ("the Second Sponsor").

In late 2021, the Second Sponsor sold all of its shares in the Co-op to Defendant (and now Third-Party Plaintiff) 85 MAC LLC (the "Current Sponsor").

### *The Parties' Positions:*

Plaintiff filed the Complaint in this action on March 7th. Prior to commencing litigation, Plaintiff sought to mediate.

The Co-op (through its Current Sponsor and through its counsel) advised that it would attend mediation if the First and Second Sponsor also attended. (The Current Sponsor only acquired its shares in the Co-op after the end of Plaintiff's employment by the Co-op.) The Co-op asserts that the First and Second Sponsor may be liable to the Co-op, to the Current Sponsor and to the Plaintiff.

The Co-op, the Current Sponsor and Defendant (and now Third-Party Plaintiff) Chestnut Holdings of New York, Inc. ("Chestnut") answered on April 25. They deny all liability. Plaintiff asserts that the Co-op has no meaningful corporate existence independent of the Current Sponsor and Chestnut. In their Answer, Defendants deny that they are corporate *alter egos* of one another

Importantly, they also assert that, if Mr. Rodriguez has incurred any damages under FLSA or NYLL, the First Sponsor and the Second Sponsor are liable for all or most of such damages. On May 8, the Defendants filed a Third-Party Complaint against the First and the Second Sponsor, which they are currently seeking to serve.

Plaintiff's position is that this matter should be referred to mediation as soon as practicable, because the two parties who are subject to mandatory mediation—Mr. Rodriguez and the Co-op—have now both appeared.

Defendants' / Third-Party Plaintiffs' position is that mediation is unlikely to be productive until the First Sponsor and the Second Sponsor can attend.

### *The Parties' Proposal:*

The parties respectfully propose that this matter be referred to the court's mediation program, with the aim of conducting mediation in July, or in any event as soon as practicable after the Third-Party Defendants have appeared.

In the meantime, the parties are meeting and conferring with respect to limited, pre-mediation discovery. The parties respectfully suggest that the initial conference be adjourned until after mediation, but that the parties be ordered to submit a joint status letter with respect to the status of pre-mediation discovery to Your Honor or to Judge Gorenstein on or before June 15.


By:  /s/ Benjamin R. Delson, Esq.            By:  /s/ Russell J. Shanks, Esq.

Granovsky & Sundaresh PLLC                   Cyruli Shanks
48 Wall Street, 11th Floor                   420 Lexington Avenue, Suite 2320
New York, NY 10005                           New York, New York 10170
(646) 524-6001                               (212) 661-6800

*Attorneys for Plaintiff*                    *Attorneys for Defendants / Third-Party Plaintiffs*


Application GRANTED. By separate Order to be issued today, the Court is referring this case to the Court-annexed mediation program. Mediation should be scheduled to permit the Third-Party Defendants time to appear. The initial pretrial conference currently scheduled for June 15, 2022, is hereby ADJOURNED to **August 8, 2022**, at **4:00 p.m.** The Clerk of Court is directed to terminate ECF No. 14.

SO ORDERED.

May 10, 2022